[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Marta V. Kot is the Administratix of the Estate of her father, Edward A. Kot, who died on May 4, 1989. Edward Kot was also the father of Nina Kot.
In February of 1986 and for some time prior thereto, Nina Kot was a girl friend of the defendant Nick J. Kutsukos. At her request, her father agreed to loan the sum of $20,000.00 to the defendant so that he could purchase a business. The defendant signed a promissory note dated February 6, 1986 in which he agreed to repay the sum of $20,000.00 to Edward A. Kot on or before March 6, 1986. (Plaintiff's Exhibit B).
Also on February 6, 1986, Edward Kot borrowed the sum of $20,000.00 from People's Savings Bank so that he could loan the money to the defendant. When the bank sent a check for $20,000.00 to Edward Kot, he endorsed it over to Attorney Robert Zeigler who represented the owners and sellers of the building and business which the defendant planned to buy. At a subsequent closing, title to the land and building which the defendant purchased from Attorney Ziegler's clients, was placed in the defendant's name alone.
For a period of approximately eight months the defendant made certain payments to or on behalf of Edward Kot. These payments represented interest on the amount owed by Kot to People's Savings Bank. After eight months, however, the defendant made no further payments to Edward Kot.
In 1987, Edward Kot went to an attorney in order to collect on the $20,000.00 debt. However, he was unsuccessful, and neither he nor the administratrix of his estate have been able to collect any part of the $20,000.00 which the defendant borrowed.
The defendant by way of special defense claims that the loan of $20,000.00 was actually made to Nina Kot, daughter of the deceased. The court does not agree that such is the case. The court finds that the defendant signed the promissory note with full understanding of what he was signing, and that he received the benefit of the money which was turned over to the sellers of the building and business which he purchased. The loan was not made to Edward Kot's daughter. The court further finds that judgment should enter for the plaintiff for $20,000.00 plus interest starting eight months from the date CT Page 312 when the note was due. General Statutes sec. 37-1.
Accordingly, judgment shall enter for the plaintiff against the defendant for $20,000.00 plus 8% interest from November 7, 1986, plus costs.
FRANCE S. ALLEN SENIOR JUDGE